# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| APARTMENT ASSOCIATION OF METROPOLITAN PITTSBURGH, INC. | : | No. 144 WAL 2020 |
| | : | |
| | : | |
| Respondent | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| THE CITY OF PITTSBURGH, | : | |
| | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 4th day of November, 2020, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner, are:

(1)     Did the Commonwealth Court err where it failed to follow the dictates of this Honorable Court in *Pennsylvania Rest. & Lodging Ass'n v. City of Pittsburgh*, 211 A.3d 810 (Pa. 2019), and rather than analyzing whether the Second Class City Code and the Pennsylvania Human Relations Act satisfy the "expressly provided by statute" exception to the Business Exclusion (*i.e.* whether relevant statutory authority has a nexus to the core functions of the Nondiscrimination Ordinance) as *Pa. Restaurant* requires, the Commonwealth Court instead focused its analysis on the perceived weight of the burdens that the Nondiscrimination Ordinance might impose on landlords?

(2)     Does the Commonwealth Court's [r]emand [d]ecision invalidating the Nondiscrimination Ordinance improperly narrow Home Rule authority, providing non-Home Rule municipalities with greater authority to enact anti-

discrimination legislation than Home Rule municipalities, all contrary to the clear intent of the Home Rule Law?

The Request to Participate as *Amici Curiae* in Support of the City of Pittsburgh's Petition for Allowance of Appeal, and the Request for Leave to File Reply to Respondent's Answer in Opposition to Request to Participate as *Amici Curiae* in Support of the City of Pittsburgh's Petition for Allowance of Appeal, are **DENIED** as moot.